# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

FILED
NOV - 7 2025
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| JASON ERNO (1) aka Bear Wayne | Case Number: 3:24-CR-01778-JAH |
| | Lisa Kadenge Muloma, Federal Defenders |
| | Defendant's Attorney |

**USM Number**   15152-506

☐ -

THE DEFENDANT:

☒ pleaded guilty to count(s)   1 and 2 of the Indictment

☐ was found guilty on count(s) _____
after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title and Section / Nature of Offense** | **Count** |
|---|---|
| 18:922(a)(1)(A), 923(a), 924(a)(1)(D); 28:2461(c) - Engaging In The Business of Dealing Firearms Without A License; Criminal Forfeiture | 1 |
| 18:922(g)(1); 28:2461(c) - Felon In Possession of a Firearm and Ammunition; Criminal Forfeiture | 2 |

The defendant is sentenced as provided in pages 2 through   **5**   of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)   Remaining   are   dismissed on the motion of the United States.

☒ Assessment : $200.00 ($100 as to each count 1 and 2) waived
  –

☐ JVTA Assessment*: $
  -

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒ No fine     ☒ Forfeiture pursuant to order filed   5/15/2025   , included herein.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

November 5, 2025
Date of Imposition of Sentence

HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | JASON ERNO (1) | Judgment - Page **2** of **5** |
| CASE NUMBER: | 3:24-CR-01778-JAH | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: 60 months as to count 1 and 96 months as to count 2 to run concurrent for a total of 96 months.

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).
☒ The court makes the following recommendations to the Bureau of Prisons:
    1. Placement in Terminal Island or Southern District of California to accommodate family visits.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant must surrender to the United States Marshal for this district:
    ☐ at _____ A.M. on _____
    ☐ as notified by the United States Marshal.

☐ The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ on or before
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

3:24-CR-01778-JAH

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| DEFENDANT: | JASON ERNO (1) | Judgment - Page **3** of **5** |
|---|---|---|
| CASE NUMBER: | 3:24-CR-01778-JAH | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant will be on supervised release for a term of:
3 years as to each count 1 and 2 to run concurrent for a total of 3 years.

## MANDATORY CONDITIONS

1. The defendant must not commit another federal, state or local crime.
2. The defendant must not unlawfully possess a controlled substance.
3. The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.
    ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)
4. ☐ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5. ☒ The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6. ☒ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)
7. ☐ The defendant must participate in an approved program for domestic violence. (check if applicable)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

3:24-CR-01778-JAH

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| DEFENDANT: | JASON ERNO (1) | Judgment - Page **4** of **5** |
|---|---|---|
| CASE NUMBER: | 3:24-CR-01778-JAH | |

## STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's supervised release, the defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1. The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

3. The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant must answer truthfully the questions asked by their probation officer.

5. The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

7. The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

13. The defendant must follow the instructions of the probation officer related to the conditions of supervision.

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | JASON ERNO (1) | Judgment - Page **5** of **5** |
| CASE NUMBER: | 3:24-CR-01778-JAH | |

## SPECIAL CONDITIONS OF SUPERVISION

1. Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of up to 120 days (non-punitive).

2. Submit to a search of person, property, house, residence, office, vehicle, papers, cellular phone, computer or other electronic communication or data storage devices or media effects, conducted by a United States Probation Officer or any federal, state, or local law enforcement officer, at any time with or without a warrant, and with or without reasonable suspicion. Failure to submit to such a search may be grounds for revocation; you shall warn any other residents that the premises may be subject to searches pursuant to this condition.

//

3:24-CR-01778-JAH

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>JASON ERNO,<br><br>　　　　　　　Defendant (1). | Case No.: 3:24-cr-01778-JAH-1<br><br>**ORDER OF CRIMINAL FORFEITURE** |

　　WHEREAS in the Indictment the United States sought forfeiture of all right, title, and interest in all magazines, firearms, and ammunition of Defendant Jason Erno ("Defendant"), pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c) as the magazines, firearms, and ammunition involved in the offenses set forth in Count 1 of the Indictment in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D) and as charged in Counts 2-4 of the Indictment, in violation of Title 18, United States Code, Section 922(g)(1) and pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c); and

　　WHEREAS, on or about March 19, 2025, Defendant pled guilty before Magistrate Judge Daniel E. Butcher to the offenses set forth in Counts 1 and 2 of the Indictment, charging the Defendant with Engaging in the Business of Dealing Firearms Without a License in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and

924(a)(1)(D) and Felon in Possession of a Firearm and Ammunition in violation of Title 18, United States Code, Section 922(g)(1), and consented to the forfeiture allegations of the Indictment, and agreed pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c), to forfeit all magazines, firearms, and ammunition seized in connection with this case including but not limited to the following:

    a. One American Tactical Import, Model: Omni Hybrid Maxx Ltd., .556 Caliber Rifle Bearing Serial NS078654 with Magazine;

    b. Sixty Rounds of Assorted .223 Caliber Ammunition;

    c. One Magpul Industries Corp Gen2 MOE Magazine;

    d. One Arsenal Inc., Model: Sam 7, .762 Caliber Rifle Bearing Serial Number AE532600 with Magazine;

    e. Nineteen Rounds of Tula Cartridge Works-Russia, .762 Caliber Ammunition;

    f. Six Magazines;

    g. One Ruger, Mini-14 Ranch Rifle, a .223 Caliber Rifle Bearing Serial Number 196-34698;

    h. Ten Assorted Capacity Rifle Magazines;

    i. AR-9 carbine short-barreled rifle bearing no serial number with magazine; and

    WHEREAS, on April 11, 2025, this Court accepted the guilty plea of Defendant; and

    WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the United States has established the requisite nexus between the forfeited magazines, firearms, and ammunition and the offenses; and

    WHEREAS, the above mentioned magazines, firearms and ammunition are currently held and have been purchased by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"); and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received; and

According, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Based upon the guilty plea of the Defendant, all right, title, and interest of Defendant Jason Erno in the following firearms, ammunition, and magazine are hereby forfeited to the United States pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c):

    a. One American Tactical Import, Model: Omni Hybrid Maxx Ltd., .556 Caliber Rifle Bearing Serial NS078654 with Magazine;

    b. Sixty Rounds of Assorted .223 Caliber Ammunition;

    c. One Magpul Industries Corp Gen2 MOE Magazine;

    d. One Arsenal Inc., Model: Sam 7, .762 Caliber Rifle Bearing Serial Number AE532600 with Magazine;

    e. Nineteen Rounds of Tula Cartridge Works-Russia, .762 Caliber Ammunition;

    f. Six Magazines;

    g. One Ruger, Mini-14 Ranch Rifle, a .223 Caliber Rifle Bearing Serial Number 196-34698;

    h. Ten Assorted Capacity Rifle Magazines; and

    i. AR-9 carbine short-barreled rifle bearing no serial number with magazine.

2. The Court has terminated the defendant's rights to the aforementioned magazines, firearms and ammunition and therefore no ancillary proceedings or further forfeiture actions are required in this case.

3. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

**IT IS SO ORDERED.**

DATED: May 15, 2025

JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE